# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM GREEN,** on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 1:16-cv-00007 |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | |
| **DANCO METAL PRODUCTS, INC., TAKODA GROUP, LLC, TAKODA HOLDINGS, LLC, THOMAS "L.T." SLATER, JIM WILLIAMSON, TIM DAVIS, and JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV AND JOHN DOE V** | ) ) ) ) ) ) ) ) | **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |
| Defendants. | ) ) ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff William Green, by and through counsel, for his Complaint against Defendants Danco Metal Products, Inc., Takoda Group, LLC, Takoda Group Holdings, LLC, Thomas "L.T." Slater, Jim Williamson, Tim Davis, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V states and alleges the following:

## INTRODUCTION

1.      This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio Rev. Code Ann. §§ 4111.02, 4111.10 and 4111.14.

2.      Plaintiff bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of himself

and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b) ("the FLSA Class").

3.     Plaintiff also brings this case as a collective action pursuant to Ohio Rev. Code 4113.14(K), which states:  "In accordance with Section 34a of Article II, Ohio Constitution, an action for equitable and monetary relief may be brought against an employer by the attorney general and/or an employee or person acting on behalf of an employee or all similarly situated employees in any court of competent jurisdiction, including the court of common pleas of an employee's county of residence, for any violation of Section 34a of Article II, Ohio Constitution or any law or regulation implementing its provisions…." (the "Ohio Wage Class").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the federal claims as to form part of the same case or controversy.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.     At all times relevant, Plaintiff William Green was a citizen of the United States. Plaintiff worked for Defendants as an hourly employee in Lorain County, Ohio, within this district and division.

8.      Defendant Danco Metal Products, LLC ("Danco, LLC") is a limited liability company formed under the laws of the State of Ohio.  Danco, LLC can be served through its registered agent James M. Williamson at 760 Moore Road, Avon Lake, Ohio 44012.

9.      Defendant Takoda Group, LLC ("Takoda Group") advertises itself as a limited liability company with a principle place of business of 3201 Enterprise Parkway, Suite 220, Beachwood, Ohio 44122. Upon information and belief, Takoda Group is not registered to do business in Ohio.

10.      Defendant Takoda Holdings, LLC ("Takoda Holdings") is a limited liability company formed under the laws of the State of Ohio.  Takoda Holdings can be served through its registered agent James M. Williamson at 760 Moore Road, Avon Lake, Ohio 44012.

11.      Defendant Thomas "L.T." Slater is an individual residing in Ohio.

12.      Defendant Jim Williamson is an individual residing at 30529 Ednill Drive, Bay Village, Ohio 44140.

13.      Defendant Tim Davis is an individual residing in Ohio.

14.      Defendants John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V and John Doe III are individuals or entities other than the above-named Defendants who were also "employers" of Plaintiff, the FLSA Class and the Ohio Wage Class.

## FACTUAL ALLEGATIONS

## Defendants' Status As "Employers"

15.      At all times relevant, Defendants Danco Metal Products, Inc. Takoda Group, LLC, Takoda Holdings, LLC, Thomas "L.T." Slater, Jim Williamson, Tim Davis, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V were "employers" within the meaning of the FLSA,

29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio minimum wage laws.

16.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## Defendants' Failure To Pay A Minimum Wage

17.     The FLSA as well as Ohio law required Defendants to pay their employees at least a minimum wage.

18.     Defendants failed to pay Plaintiff, the FLSA Opt-In Class and the Ohio Wage Class a minimum wage as required by law, as they failed to pay them any amount of money at the regular pay day for the period in which the workweek ends in one or more workweeks.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20.     Plaintiff bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

21.     Plaintiff also brings this case as a collective action pursuant to Ohio Rev. Code 4113.14(K), which states:  "In accordance with Section 34a of Article II, Ohio Constitution, an action for equitable and monetary relief may be brought against an employer by the attorney general and/or an employee or person acting on behalf of an employee or all similarly situated employees in any court of competent jurisdiction, including the court of common pleas of an

employee's county of residence, for any violation of Section 34a of Article II, Ohio Constitution or any law or regulation implementing its provisions…."

22.     The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA and Ohio law violations consist of:

> All present and former employees of Defendants during the period three years preceding the commencement of this action to the present who were not paid a minimum wage at the regular pay day for the period in which the workweek ended in one or more workweeks.

23.     Such persons are "similarly situated" with respect to Defendants' FLSA and Ohio law violations in that all were employees of Defendant, all were subjected to and injured by Defendants' unlawful practice of failing to pay a minimum wage at the regular pay day for the period in which the workweek ends in one or more workweeks, as well as for liquidated damages, attorneys' fees, and costs.

24.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) and Ohio Rev. Code 4113.14(K) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

<u>**COUNT ONE**</u>
**(Minimum Wage Violations)**

25.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26.     Plaintiff bring this claim for violation of the FLSA and Ohio law overtime requirements on behalf of himself and FLSA Class and Ohio Wage Class members who have joined or will join this case pursuant to 29 U.S.C. § 216(b) and Ohio Rev. Code 4113.14(K).

Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

27.     The FLSA and Ohio law requires that employees receive at least a minimum wage.

28.     Plaintiff and the FLSA Class and Ohio Wage Class should have been paid a minimum wage.

29.     Defendants failed to pay the FLSA Class and the Ohio Wage Class a minimum wage at the regular pay day for the period in which the workweek ends in one or more workweeks.

30.     By engaging in that practice, Defendants willfully violated the FLSA and Ohio wage statutes and regulations thereunder that have the force and effect of law.

31.     As a result of Defendants' violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive minimum wage payments due to them pursuant to the FLSA and Ohio law.  The FLSA Class and the Ohio Wage Class is entitled to an award of unpaid overtime compensation as well as an additional equal amount as liquidated damages.  The FLSA Class and the Ohio Wage Class are also entitled to their attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court:

A.     Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. § 216(b) and Ohio Rev. Code 4113.14(K) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Enter judgment against Defendants and in favor of Plaintiff and other members of the FLSA Class and the Ohio Wage Class;

C.     Award compensatory damages to Plaintiff and other members of the FLSA Class and Ohio Wage their unpaid wages, as well as liquidated damages;

D.     Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,


/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher, LLC
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio  44718
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com


## JURY DEMAND


Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Hans A. Nilges
Counsel for Plaintiff